IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EISAI CO., LTD., EISAI INC. and NOVARTIS PHARMA AG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1213 (LPS) |
| ALKEM LABORATORIES LTD. and ASCEND LABORATORIES, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## CONSENT JUDGMENT

WHEREAS, this action for patent infringement has been brought by Plaintiffs Eisai Co., Ltd., Eisai Inc. and Novartis Pharma AG against Alkem Laboratories Ltd. ("Alkem Labs") and Ascend Laboratories, LLC ("Ascend Labs," and together with Alkem Labs, "Alkem") for infringement of United States Patent No. 6,740,669 (the "Patent" and such action, the "Litigation"); and

WHEREAS, the parties in the Litigation have entered into a good faith final settlement agreement dated on or about December 9, 2019 to fully settle the Litigation (the "Settlement Agreement");

The Court, upon the consent and request of the parties in the Litigation, hereby acknowledges the following Consent Judgment and, upon due consideration, issues the following Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Subject matter jurisdiction, personal jurisdiction, and venue are all proper in this Court.

2.      The Patent is enforceable and valid for purposes of the Litigation.

3.      Except as and to the extent permitted by the Settlement Agreement, Alkem and their Affiliates, including any of its successors and assigns, is enjoined from commercially making, commercially having made, using, selling, offering to sell, importing or distributing any rufinamide product pursuant to Abbreviated New Drug Application 213410, either directly or indirectly, on its own part or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Alkem or any of their Affiliates, until the license to the Patent provided in the Settlement Agreement becomes effective as set forth in the Settlement Agreement.

4.      For purposes of this Consent Judgment, the term "Affiliate" shall have the meaning set forth in the Settlement Agreement.

5.      Except to the extent set forth above all claims and counterclaims, affirmative defenses and demands of the Parties in this action are hereby dismissed with prejudice and without costs, disbursements or, except to the extent set forth in the Settlement Agreement, attorneys' fees, to any Party.

6.      The Parties each expressly waive any right to appeal or otherwise move for relief from this Consent Judgment.

7.      Compliance with this Consent Judgment may be enforced by the Parties and their successors in interest, or assigns, as permitted by the terms of the Settlement Agreement.

8.      This Court retains jurisdiction over the Parties for purposes of enforcing this Consent Judgment as well as any dispute regarding the Settlement Agreement.

9.      The Clerk of the Court is directed to enter this Consent Judgment and Order forthwith.

**IT IS SO STIPULATED:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

_____

Jack B. Blumenfeld (#1014)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
araucci@mnat.com

*Attorneys for Plaintiffs Eisai Co., Ltd.,*
*Eisai Inc. and Novartis Pharma AG*


OF COUNSEL:

Bruce M. Wexler
Young J. Park
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000

December 11, 2019


SCHIFF HARDIN LLP

*/s/ Imron T. Aly*

_____

Imron T. Aly
233 South Wacker Drive
Suite 7100
Chicago, IL  60606
(312) 258-5500

*Attorneys for Defendants Alkem Laboratories*
*Ltd. and Ascend Laboratories, LLC*


SO ORDERED this ____ day of _____, 20__

_____

The Honorable Leonard P. Stark, U.S.D.J.

3